UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CLAUDIO AMAURIZ NUNEZ,

Plaintiff,

v.

NICOLE GODFREY, Nurse Practitioner;
SGT. BARDOCK;
Correction Officer HAMILTON;
Correction Officer WYCKOFF; and
JOHN DOE CORRECTION OFFICER(S),

Defendants.[1]

25-CV-6536-MAV
ORDER

---

*Pro se* Plaintiff Claudio Amauriz Nunez, who is incarcerated at the Attica Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983 for alleged constitutional violations that occurred at Auburn Correctional Facility and Elmira Correctional Facility. ECF No. 1, 4.[2] Plaintiff subsequently filed an amended complaint. ECF No. 4. The Court screened Plaintiff's amended complaint, ECF No. 4, and issued an Order allowing Plaintiff's Eighth Amendment denial of medical care claim against Defendant Godfrey, his Eighth Amendment excessive force claim against Defendants Bardock, Wyckoff, and Hamilton, and his Eighth Amendment

---

[1] The Clerk of Court is directed to amend the caption as reflected above.

[2] Plaintiff also requested leave to proceed *in forma pauperis*, ECF No. 2, which was granted on November 21, 2025, ECF No. 3. Once a plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the Court. *See* 28 U.S.C. § 1915(d); *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996).

food contamination claim against John Doe Corrections Officer(s) to proceed to service. ECF No. 13.[3]

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court asked the New York State Attorney General's Office ("AG's Office") to ascertain the full names of Nurse Practitioner Nicole Godfrey, Sgt. Bardock, Correction Officer Hamilton, and Correction Officer Wyckoff and to provide an address where these defendants could be served. ECF Nos. 13, 17.

On August 11, 2026, the AG's Office filed a letter in response to the *Valentin* order. ECF No. 20. The response provides the full name and service address for Nurse Practitioner Nicole Godfrey. *Id.* It also states that "there are two correction officers with the last name of Wyckoff at the Auburn Correctional Facility[,] and the complaint does not provide sufficient detail to determine which 'C.O. Wyckoff' is named in the complaint." *Id.* The response further states:

> The undersigned has also endeavored to ascertain the full names (and addresses for service) for Sgt. Bardock and Correction Officer Hamilton at Elmira Correctional Facility. Correctional staff has informed me that there is no record of any employee with the last name of "Bardock" at Elmira or anywhere in the statewide system, nor is there any record of a correction officer with the last name "Hamilton" at the Elmira Correctional Facility.

*Id.* The Court mailed Plaintiff a copy of the AG's Office response on August 14, 2026. *Id.*

In light of the AG's Office's inability to identify three of the defendants Plaintiff seeks to sue, Plaintiff is directed to provide, **within 30 days of the date of this**

[3] The Order directed that Plaintiff could seek to identify the John Doe Correction Officer(s) through discovery. ECF No. 13 at 8.

**Order**, a physical description and any other information that could assist in determining the identity of Sgt. Bardock and Correction Officer Hamilton, and identify which of the two correction officers with the last name Wyckoff he intended to name.

Under *Valentin*, a *pro se* litigant, particularly one who is incarcerated, is entitled to assistance from the district court in identifying an unnamed defendant. *See Johnson v. Rodriquez*, 21-CV-606-JLS, 2023 WL 3194837, at *4 (W.D.N.Y. Apr. 28, 2023). However, "a plaintiff ultimately retains the obligation to provide the necessary information to name or identify the defendant." *Hernandez v. Doe #1*, 17-CV-0151-EAW, 2020 WL 2059737, at *1 (W.D.N.Y. Apr. 29, 2020) (internal quotation marks omitted); *see Benitez v. Salotti*, No. 16-CV-6219W, 2018 WL 3569931, at *2 (W.D.N.Y. July 25, 2018) ("Plaintiff must do more than he has done here to meet his burden of identifying those additional defendants he wishes to sue whose names he does not know."). The Court "may, after appropriate inquiry, determine 'that the information available is insufficient to identify the defendant with enough specificity to permit service of process, so that dismissal of the complaint is warranted.'" *Johnson*, 2023 WL 3194837, at *4 (quoting *Valentin*, 121 F.3d at 76); *see also Young v. New York*, 22-CV-6555-MAV, 2025 WL 1594415, at *1 n.1 (W.D.N.Y. June 5, 2025) (requiring plaintiff to provide additional information about unidentified defendants and warning plaintiff that if John Doe defendants could not be identified timely, plaintiff's case could not proceed against them); *Salaam v. Officer John Doe*, 20-CV-6351-EAW, 2023 WL 9207595, at *2 (W.D.N.Y. Feb. 6, 2023) (dismissing complaint

after plaintiff failed to comply with court orders directing him to provide a physical description or other information to permit identification and service of "Officer John Doe" defendant).

Accordingly, within 30 days Plaintiff shall submit additional identifying information for Sgt. Bardock, Correction Officer Wyckoff, and Correction Officer Hamilton. **The AG's Office is directed to respond within 30 days of Plaintiff's submission,** indicating whether the additional information provided allows for identification of these defendants.

SO ORDERED.

Dated: August 24, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Court